RECORD NUMBER: 13-4235

# United States Court of Appeals
### *for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**JAMES W. RICHARD,**

*Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT WHEELING**

# OPENING BRIEF OF APPELLANT

**SANDRA BAUGHN JELOVSEK**
**LAW OFFICE OF SANDRA BAUGHN**
  **JELOVSEK**
**3520 Honeywood Drive**
**Johnson City TN 37604**
**(423) 283-0450**

*Counsel for Appellant*

COUNSEL PRESS • VA – (800) 275-0668

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................ii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION..................................................................................................... 1

STATEMENT OF THE ISSUE............................................................................. 1

STATEMENT OF THE CASE.............................................................................. 1

STATEMENT OF THE FACTS ........................................................................... 3

SUMMARY OF ARGUMENT ............................................................................. 5

ARGUMENT ........................................................................................................ 6

I.     The district court erred in increasing Mr. Richard's base offense level by two levels pursuant to U.S.S.G. § 2A6.1(b)(3) when the facts are undisputed that the order of protection supporting the increase had expired prior to the commission of the offense of which he was convicted ....................................................................... 6

     Standard of Review............................................................................. 6

         Argument .............................................................................................. 7

CONCLUSION ..................................................................................................... 9

POSITION REGARDING ORAL ARGUMENT .......................................... 9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*United States v. Ford*,
    88 F.3d 1350 (4th Cir. 1995) ............................................................ 7, 8

*United States v. Olano*,
    507 U.S. 725 (1993) ............................................................................ 6

*United States v. Perkins*,
    108 F.3d 512 (4th Cir. 1997) ............................................................... 6

**Rules, Statutes, and Other Authorities**

18 U.S.C. § 876(c) ..................................................................................... 1, 4, 5

18 U.S.C. § 3231 ............................................................................................... 1

18 U.S.C. § 3232 ............................................................................................... 1

28 U.S.C. § 1291 ............................................................................................... 1

Fed. R. App. Proc. 4(b) ..................................................................................... 1

U.S.S.G. § 2A6.1 ............................................................................................... 7

U.S.S.G. § 2A6.1(b)(3) ............................................................................. *passim*

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

James Richard appeals his sentence following his conviction for mailing threatening communications in violation of 18 U.S.C. § 876(c). Final judgment was entered on March 20, 2013 in the United States District Court for the Northern District of West Virginia at Wheeling. Mr. Richard filed timely notice of appeal on March 25, 2013.

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3232. This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and Fed. R. App. Proc. 4(b).

## STATEMENT OF THE ISSUE

Whether the district court erred in increasing Mr. Richard's base offense level by two levels pursuant to U.S.S.G. §2A6.1(b)(3) when there was no protective order in effect at the time he mailed the threatening communication for which he was convicted.

## STATEMENT OF THE CASE

Mr. Richard was indicted on December 4, 2012 with two counts of mailing a letter in each count to his wife that contained threats against law enforcement personnel, both in violation of 18 U.S.C. § 876(c). [JA 7] Count One was based upon a letter dated April 1, 2012; Count Two was based upon a letter dated April 16, 2012. [JA 8] On January 29, 2013, pursuant to a written Plea Agreement, Mr.

1

Richard entered a plea of guilty to Count Two of the Indictment. [JA 9, 39] Count One was dismissed at sentencing in accordance with the Plea Agreement. [JA 59, 11 at par. 7]

At the time Mr. Richard mailed the letter charged in Count One, there was an order of protection against him prohibiting any communication with his wife. At the time he mailed the letter charged in Count Two, the order of protection had expired. [JA 74, PSR Par. 23] There were no objections to the Presentence Report increasing Mr. Richard's offense level by two levels pursuant to U.S.S.G. § 2A6.1(b)(3) based upon the order of protection that had expired prior to the mailing of the letter in Count Two. [JA 47, 50, 90-92] The addition of the two levels resulted in a final Adjusted Base Offense Level of 12, with Criminal History Category IV, and Guideline Range of 21-27 months. [JA 75, 79, 83] The court sentenced Mr. Richard within that range to 25 months incarceration, and on the motion of the government pursuant to the Plea Agreement, the court dismissed Count I of the Indictment. [JA 56,59,63]

The Plea Agreement provided that Mr. Richard waived his right to appeal or collaterally attack his sentence if the court determined that his Adjusted Offense Level under the Sentencing Guidelines was a Level 10 or less. [JA 12] Final judgment was entered on March 20, 2013 and Mr. Richard filed timely Notice of Appeal of his sentence on March 24, 2013. [JA 62, 68]

2

## **STATEMENT OF THE FACTS**

Mr. Richard was convicted in Circuit Court of Brook County, West Virginia for state charges of Breaking and Entering, Domestic Assault, and Brandishing a Deadly Weapon and incarcerated in the Northern Regional Jail and Correctional Center in Moundsville, West Virginia.  While incarcerated he mailed three relevant letters, two addressed to his wife, Lynette Richard and one addressed to his wife under her maiden name and his son.  [JA 72, PSR par. 9 and 10]

The first letter was dated April 1, 2012 and stated

> Sometimes I get so mad I want to get out and kill some people not you ya know Delong Bull that shit.  But I really want to sometimes it scares me.  I don't think of it much in the beginning it was everyday Now once a week maybe they just don't exist in my spectrum but when all you are doin is sitting around you think of all kinds of shit.

JA 72, PSR par. 11

The second letter was dated April 16, 2012 and stated

> I'm really scared of coming back home.  First I still have a lot of anger towards-Casto, Delong, Warren, Bull.  I think of them daily.  I want to hurt them in the worst way.  I don't obsess over it just as least once a day.  I fantasize.  I will not do anything until my mom dies.  I caused her to have a stroke.  I wont put her thru no more shit.  But when shes gone there's no guarantee.

JA 72, PSR par.12

3

> The third letter dated April 23, 2012 stated
>
>> I put paperwork in on the 20th of April to try to come home early. Dad's friend Jim Stocke is one of the people who decide so I hope he gives me a chance. I know he will. But there probably more than him to decide if Jessy's Dad low down Dan has anything to do with it I will stay till September. I cant Wait to see Dan /Wait Jesse is 18 NOW.

JA 73, PSR par.14

Mr. Richard's mother died on August 17, 2012. [JA 72, PSR par. 13]

Mr. Richard was indicted on December 4, 2012 with two counts of mailing threatening communications, both in violation of 18 U.S.C. § 876(c). [JA 8] The offense charged in Count One was based upon the letter written to his wife on April 1, 2012 and mailed on April 2, 2012. [JA 7, 73] The offense charged in Count Two was based upon the letter written to his wife on April 16, 2012 and postmarked April 17, 2012. [JA 8, 32-33]

At the time the first letter dated April 1 and postmarked April 2, 2012 was mailed, Mr. Richard had an active order of protection in effect against him in which he was to have no contact with his wife. The order was in effect from October 14, 2011 and expired at midnight on April 11, 2012. [JA 74, PSR par. 21, 23] At the time he wrote the second letter dated April 16 and postmarked April 17, 2012, the order of protection had expired at midnight April 11, 2012. [JA 32, 33; JA 73-74 - PSR par. 21, 23]

4

On January 29, 2013, pursuant to a written Plea Agreement, Mr. Richards entered a plea of guilty to Count Two of the Indictment which was based upon the letter written on April 16 and postmarked April 17, 2012. [JA 8, 9, 19-20, 39] Count One of the indictment based upon the letter written on April 1 and postmarked April 2, 2012 was dismissed at sentencing upon motion of the government pursuant to the Plea Agreement. [JA 11, par. 7; JA 59]

The applicable Base Offense Level for the offense of conviction was 12, which was increased by two levels to 14 pursuant to U.S.S.G. § 2A6.1(b)(3). Mr. Richard received a two level reduction for acceptance of responsibility resulting in an Adjusted Base Offense Level of 12. [JA 74, par. 24] With a Criminal History Category of IV, his Guideline Range became 21-27 months. [JA 83, par. 67] At sentencing, the United States advocated a sentence of the low end of this range of 21 months. [JA 55-56] The court declined to sentence at the low end of the guideline range because the offense involved threats to law enforcement officers, and sentenced Mr. Richard within the range to 25 months. [JA 56]

## SUMMARY OF ARGUMENT

Mr. Richard pleaded guilty to and was convicted of Count Two charging the mailing of a communication to his wife dated April 16 and postmarked April 17, 2012 that threatened other persons in violation of 18 U.S.C. § 876(c). He made no threats to his wife in any of his letters. A the time he committed this offense he

5

was not subject to any order of protection benefiting his wife, the addressee of the letter, as the order of protection previously benefiting his wife had expired on April 11, 2012. Thus the offense of conviction did not involve the violation of a court protection order and the district court's increase of his Guidelines Base Offense Level by two levels pursuant to U.S.S.G. § 2A6.1(b)(3) was plain error. As a result of this error, Mr. Richard was sentenced to a higher guideline range and sentence.

## ARGUMENT

I.  **The district court erred in increasing Mr. Richard's base offense level by two levels pursuant to U.S.S.G. § 2A6.1(b)(3) when the facts are undisputed that the order of protection supporting the increase had expired prior to the commission of the offense of which he was convicted.**

Standard of Review:

Because the Defendant did not object to the sentencing guideline enhancement pursuant to U.S.S.G. § 2A6.1(b)(3) in his Presentence Report or at sentencing, the standard of review is plain error. *United States v. Perkins*, 108 F.3d 512, 516 (4th Cir. 1997). To establish plain error, the appellant must show (1) an error was committed; (2) the error was plain or obvious; and (3) the error affected substantial rights, i.e., the error was so prejudicial it affected the outcome of the proceedings. *Id.* at 516, citing *United States v. Olano*, 507 U.S. 725(1993). This circuit has held that a defendant can meet these conditions if he challenges for the first time on appeal an illegal sentence that increases the length of

incarceration. *Id.* at 516-517, citing *United States v. Ford*, 88 F.3d 1350, 1355-56 (4th Cir. 1995).

Argument:

    U.S.S.G. § 2A6.1(b)(3) states: "If the offense involved the violation of a court protection order, increase by 2 levels." The facts are undisputed in this case that the protective order underlying the enhancement of Mr. Richard's Base Offense Level by two levels expired on April 11, 2012. [JA 74, par. 23] Mr. Richard pleaded guilty to and was convicted of Count Two of the Indictment which charged the mailing a threatening communication dated April 16, 2012 and postmarked April 17, 2012. [JA 9, 19-20, 39, 62] At the time he mailed the threatening communication on April 17, 2012, there was no protective order in place. It was plain and obvious error to increase his Base Offense Level by two levels based upon a protective order that did not exist when he made the communication.

    Furthermore, U.S.S.G. § 2A6.1, Application Note 1, refers repeatedly to the "victim," presumably referring to the person who is actually threatened. By the use of the term "victim" it is clear that the Sentencing Commission intended the enhancement provision of § 2A6.1(b)(3) to apply to threats of harm directed to the person who was the beneficiary of the protective order. In the case at hand, there were no threats made to the beneficiary of the protective order, Mr. Richard's wife.

7

There is nothing to suggest that she would be considered a "victim" of threats made to other persons. There is nothing in the record that indicates that there was a protective order in place at any time for the intended "victims" of the threats - Casto, Delong, Warren, or Bull.

As a result of the error, Mr. Richard's adjusted Base Offense Level was 12 instead of 10. With a criminal history category of IV, his resulting guideline range became 21-27 months instead of 15-21 months. The court sentenced him to 25 months within the erroneous range, a sentence 4 months higher than the top of his applicable range without the erroneous enhancement of two levels. There is nothing in the record that indicates that the district court would not have sentenced Mr. Richard within the correct 15-21 month range in the absence of the plain error.

In *United States v. Ford*, on plain error review, this circuit vacated Defendant Reid's sentence, holding that the error in assigning two extra criminal history points affected Reid's substantial rights "because the extra points caused Reid to be sentenced at a more severe guideline range." *Ford*, 88 F. 3d at 1356. The Fourth Circuit likewise stated unequivocally that "sentencing a defendant at the wrong guideline range seriously affects the fairness, integrity, and public reputation of the judicial proceedings." *Id*.

In the case at hand, the plain error in enhancing Mr. Richard's Base Offense Level by two levels caused Mr. Richard to be sentenced at a wrong and higher

8

guideline range and seriously affects the fairness, integrity, and public reputation of the judicial proceedings.

## CONCLUSION

For the foregoing reasons, Mr. Richard respectfully asks this court to find that the addition of two offense levels pursuant to U.S.S.G. § 2A6.1(b)(3) and his resulting sentence at a higher guideline range is plain error affecting his substantial rights.

He asks the court to reverse his sentence and remand to the district court for resentencing within the correct advisory guideline range of 15-21 months.

## POSITION REGARDING ORAL ARGUMENT

Mr. Richard does not request oral argument, unless the court determines it would aid the decisional process.

Respectfully submitted,

/s/ Sandra B. Jelovsek
Counsel

Sandra B. Jelovsek
Attorney at Law
VS Bar #33878
NC Bar #17979
3520 Honeywood Drive
Johnson City, Tennessee 37604
(423) 283-0450

*Counsel for Appellant James W. Richard*

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4235          Caption: US v. James W. Richard

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

   [✓]   this brief contains  2,103  [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]   this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

   [✓]   this brief has been prepared in a proportionally spaced typeface using MS Word 2010 [*state name and version of word processing program*] in Times New Roman, 14 point [*state font size and name of the type style*]; *or*

   [ ]   this brief has been prepared in a monospaced typeface using _____ [*state name and version of word processing program*] with _____ [*state number of characters per inch and name of type style*].

(s) SANDRA BAUGHN JELOVSEK

Attorney for Appellant

Dated: 08/28/2013

Rev. 03/03/11

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

STEPHEN L. VOGRIN
OFFICE OF THE UNITED STATES ATTORNEY
1125 Chapline Street
P. O. Box 591
Wheeling, WV 26003-0000
(304) 234-7765
stephen.vogrin@usdoj.gov

*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664

Filing and service were performed by direction of counsel